**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4529

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONTRE JASON WISE, a/k/a Jason L. Wise, a/k/a Jace Wise, a/k/a Lontrejason Wise, a/k/a Jason,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:23-cr-00327-JFA-1)

Submitted:  November 25, 2025                    Decided:  December 1, 2025

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, Myrtle Beach, South Carolina, for Appellant.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lontre Jason Wise pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession with the intent to distribute cocaine base or marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D). The district court sentenced Wise to 156 months' imprisonment and three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) the district court erred in failing to appoint Wise new counsel; (2) Wise was entitled to withdraw his guilty plea; and (3) Wise's sentence is procedurally and substantively reasonable. Wise did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss Wise's appeal as barred by the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

2

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Wise knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel, prosecutorial misconduct, and changes in the law. The court made one omission in the plea colloquy, namely failing to advise Wise of the potential immigration consequences of his plea. However, the omission did not affect Wise's substantial rights because he is a United States citizen. Furthermore, while Wise filed a motion to withdraw his guilty plea prior to sentencing, he voluntarily withdrew that motion, thus he waived the issue. At sentencing, the court accepted Wise's guilty plea and imposed the agreed upon sentence. We therefore conclude that the waiver is valid and enforceable, and that Wise's challenge to the reasonableness of his sentence falls squarely within the appeal waiver's scope.

To the extent that Wise attempts to raise ineffective assistance of counsel based on the underlying claims in his motion to appoint new counsel, those claims would fall outside the scope of the waiver and ineffective assistance does not conclusively appear on the face of the record. Moreover, the issues Wise raised regarding his counsel's alleged failures were resolved prior to the sentencing hearing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other potentially meritorious grounds for appeal outside the scope of Wise's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss Wise's appeal in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

4

This court requires that counsel inform Wise, in writing, of the right to petition the Supreme Court of the United States for further review. If Wise requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wise. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*